NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0072

WAYNE PALLMORE

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:* SEP 1 9 2025

********

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C-738672
Honorable Ronald R. Johnson, Judge Presiding

********

Wayne Palmore                          Appellant, Pro Se
Angie, Louisiana

Jonathan R. Vining                     Counsel for Defendant/Appellee
Baton Rouge, Louisiana                 Louisiana Department of Public
                                       Safety and Corrections

********

BEFORE: LANIER, WOLFE, AND HESTER, JJ.

**LANIER, J.**

Plaintiff, Wayne Palmore[1], appeals the Nineteenth Judicial District Court's affirmance of a disciplinary action rendered by the defendant, Louisiana Department of Public Safety and Corrections (LDPSC), and dismissal of his petition for judicial review with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Mr. Palmore, an inmate at Rayburn Correctional Center in Angie, Louisiana, filed a petition for judicial review with the 19th JDC on September 29, 2023, in which he alleged, after exhausting both steps of his administrative remedy action[2], that LDPSC violated his right to procedural due process by not serving him with a copy of his rule violation report 24 hours before his disciplinary hearing began.

On April 19, 2023, Mr. Palmore was convicted of violating Rule #21F (Aggravated Sex Offense) arising out of an incident that allegedly occurred on April 17, 2023. He was sentenced to ninety days of disciplinary segregation and forfeiture of thirty days of good time.

Mr. Palmore appealed the April 19, 2023 decision to LDPSC. In its August 17, 2023 decision, LDPSC found that the disciplinary report was "clear, concise, and [provided] convincing evidence of the violation as charged," and that Mr. Palmore had not provided any controverting evidence. LDPSC further found that Mr. Palmore was provided with "a full hearing, and was afforded due process in both the hearing and sentencing phases of the proceeding." However, LDPSC found Mr. Palmore's sentence to be excessive and reduced the ninety days of

---

[1] Although the title of the instant appeal spells the plaintiff's last name as "Pallmore," the plaintiff spells his last name as "Palmore," as does the entire appellate record. We shall therefore use the spelling "Palmore" throughout this opinion.

[2] If an offender fails to timely initiate or pursue his administrative remedies, his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice. La. R.S. 15:1172(C); see also *Herrington v. Louisiana Department of Public Safety and Corrections*, 2020-0478 (La. App. 1 Cir. 12/30/20), 318 So.3d 164, 166.

disciplinary segregation to sixty days. Otherwise, LDPSC agreed with the warden's decision.

In his petition for judicial review with the 19th JDC, Mr. Palmore sought to have his forfeited good time reinstated and to be compensated for the disciplinary segregation he served. LDPSC answered the petition and submitted the administrative record to the district court. In LDPSC's answer, it conceded that Mr. Palmore had exhausted his administrative remedies, but denied his claims and stated that he was guilty of the rule violation. In the warden's decision, LDPSC stated that it reviewed a recording of the disciplinary hearing that took place on April 19, 2023, and at no time did Mr. Palmore or his counsel state on the record that he did not receive a copy of the rule violation report. LDPSC further stated that the recording indicated that Mr. Palmore had received a full hearing and was afforded due process throughout.

On November 8, 2023, upon review of LDPSC's decision, the district court ordered the parties to file briefs. Mr. Palmore submitted a brief, in which he reiterated his claims from the petition for judicial review. On March 11, 2024, the district court issued a stay order and remand, due to the recording of the hearing being absent from the suit record. The district court noted that the disciplinary report did not contain a signature by Mr. Palmore to indicate he received a copy of the disciplinary report. The district court ordered the matter stayed for sixty days to allow LDPSC an opportunity to supplement the administrative record with a copy of the audio recording or transcript of the hearing to determine whether or not Mr. Palmore had advised the disciplinary board that he had not received a copy of the disciplinary report.[3]

---

[3] See McIntosh v. Louisiana Department of Public Safety and Corrections, 2022-1117 (La. App. 1 Cir. 4/14/23), 364 So.3d 1158, 1161.

3

On August 7, 2024, the district court's commissioner issued a report, which stated that LDPSC had provided the district court with an audio recording of the disciplinary hearing via email, but that the audio file was not made a part of the suit record. The commissioner noted that pursuant to the disciplinary rules and procedures for adult inmates, specifically LAC 22:I.341(G)(4)(g)(iv), preliminary motions shall be raised at the first opportunity or be considered waived. Listed as one of the possible preliminary motions is a lack of 24-hour notice, including any challenge to the waiver of the 24-hour notice. The commissioner stated that while Mr. Palmore did make a motion to review video footage of the alleged violation, he did not make a motion related to not receiving notice of the rule violation report within 24 hours prior to the hearing.

The commissioner also stated that the district court reviewed the audio recording of the hearing, despite it not being made part of the record, and found no evidence of Mr. Palmore stating at the hearing that he did not timely receive a copy of the rule violation report. The commissioner therefore deemed the motion to be waived by Mr. Palmore.

The commissioner's recommendation to the district court was to affirm LDPSC's decision to uphold the findings of the disciplinary board, as it was not arbitrary, capricious, or manifestly erroneous. The district court adopted the commissioner's reasons and signed a judgment on September 30, 2024, affirming LDPSC's decision and dismissing Mr. Palmore's petition for judicial review with prejudice. Mr. Palmore appealed that judgment.

## ASSIGNMENTS OF ERROR

Mr. Palmore cites two assignments of error:

1. LDPSC violated Mr. Palmore's rights to due process in disciplinary court by not giving him a copy of the rule violation report prior to his disciplinary hearing so he could properly prepare a defense. LDPSC's rules and

4

procedures for adult offenders states that an inmate must receive a copy of the rule violation report at least 24 hours before the disciplinary hearing takes place. The district court erred when it affirmed LDPSC's decision and dismissed his petition for judicial review with prejudice.

2. The district court erred by not ruling on Mr. Palmore's motion for preliminary default.

## DISCUSSION

The Corrections Administrative Remedy Procedure, set forth in La. R.S. 15:1171-1179, provides that LDPSC may adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the governor, LDPSC, or its employees. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. *Jerome v. Louisiana Department of Public Safety and Corrections*, 2024-0536 (La. App. 1 Cir. 2/18/25), 406 So.3d 617, 620.[4] The rules and procedures promulgated by LDPSC are set forth in LAC 22:I.325. Pursuant to these rules, offenders must exhaust a two-step Administrative Remedy Procedure (ARP) before they can proceed with a suit in state court. *Id.*

An offender aggrieved by an adverse decision rendered pursuant to any ARP can institute proceedings for judicial review by filing a petition for judicial review in the 19th JDC. See La. R.S. 15:1177(A). On review of the administrative decision, the district court functions as an appellate court. *Jerome*, 406 So.3d at 620. The district court's review shall be confined to the record and limited to the issues presented in the petition for review and the ARP filed at the administrative level. See La. R.S. 15:1177(A)(5).

Louisiana Revised Statutes 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing the Department's administrative decisions. The district court may

---

[4] The correct last name of the plaintiff in the *Jerome* case is "Allen." *Jerome*, 406 So.3d at 619.

reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory law; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. See La. R.S. 15:1177(A)(9); *Grimes v. Louisiana Department of Public Safety and Corrections*, 2020-0817 (La. App. 1 Cir. 4/26/21), 326 So.3d 284, 286.

On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. *Jerome*, 406 So.3d at 621.

Pursuant to LAC 22:I.341(F)(1)(a)(ii)(a), an inmate accused of a rule or policy violation shall be served with notice of the charge(s) at least 24 hours prior to the hearing on said charge(s). A motion to challenge the lack of 24-hour notice shall be raised at the first opportunity or be considered waived. LAC 22:I.341(G)(4)(g)(iv). Pursuant to LAC 22:I.341(G)(4)(h), all motions shall be made at the same time in the proceedings, and subsequent verbal motions shall be denied as waived. From our review of the record, the incident at issue was allegedly committed on April 17, 2023, and the violation report was written on the same date. The violation report does not appear to have been given to Mr. Palmore, since there is no signature to indicate a LDPSC employee gave him the violation report, or that Mr. Palmore acknowledged receiving it.

6

The disciplinary hearing was held on April 19, 2023. Based on a disciplinary court motions form, Mr. Palmore apparently moved to face his accuser and to review video footage of the alleged incident. There is no written evidence in the record that Mr. Palmore raised the lack of receiving the violation report 24 hours before the disciplinary hearing.

On April 20, 2023, Mr. Palmore submitted a handwritten appeal to LDPSC, asserting that he was not served a copy of the violation report. This is Mr. Palmore's earliest complaint in the record of not timely receiving the violation report, and it is after the disciplinary hearing. We therefore find Mr. Palmore's right to assert the motion due to lack of 24-hour notice was waived, and the first assignment of error is without merit.

With respect to the second assignment of error, Mr. Palmore filed a "motion for judgment of default" on August 26, 2024, in which he claimed that LPDSC was ordered by the district court to provide within sixty days an audio recording or written transcript of his disciplinary hearing, but failed to do so in a timely manner. He attached the district court's stay order and remand, which ordered the matter stayed for sixty days to allow LDPSC to supplement the record with an audio recording of the disciplinary hearing.[5] The stay order and remand was signed by the district court's commissioner on March 11, 2024, and Mr. Palmore claimed in his motion that LDPSC did not submit the audio recording until June 26, 2024.

The district court requested the audio recording of the disciplinary hearing in order to confirm "whether [Mr. Palmore] did or did not indicate to the disciplinary

_____

[5] There is an apparent typographical error in the decretal language of the stay order and remand, where it orders LDPSC to supplement the record with an audio recording of the transcript of the "March 16, 2023 disciplinary hearing in DBA No. RCC-2023-96." The hearing at issue in the instant appeal took place on April 19, 2023, in DBA No. RCC-2023-126, and the stay order and remand did reference this hearing in its body of text. Mr. Palmore does not specify a hearing date or DBA number in his motion for judgment of default, but the April 19, 2023 hearing is at the center of the instant appeal, and there is no reference in the record whatsoever to a March 16, 2023 disciplinary hearing in DBA No. RCC-2023-96.

7

board that he was not provided with a copy of his [violation report] within 24 hours of the hearing." As stated in the first assignment of error, we find that Mr. Palmore's right to assert the motion due to lack of 24-hour notice was waived when he did not include such a motion on his disciplinary court motions form, and that any motions made subsequent to the disciplinary hearing are also deemed as waived. Pursuant to LAC 22:I.341(G)(4)(h), "[a]ll motions shall be made at the same time in the proceedings[,] and [s]ubsequent verbal motions shall be denied as having been waived." Therefore, the contents of the audio recording of the disciplinary hearing are of no moment, since his right to raise that issue is deemed as waived.

Although the record does not contain any ruling by the district court on the "motion for judgment of default," Mr. Palmore lost his right to file subsequent motions related to the April 19, 2023 disciplinary hearing, and this motion filed by Mr. Palmore in the 19th JDC that relates the failure to give 24-hour notice prior to the disciplinary hearing is moot.

**DECREE**

The judgment of the Nineteenth Judicial District Court affirming the disciplinary action of the appellee, Louisiana Department of Safety and Corrections, against the appellant, Wayne Palmore, and dismissing his petition for judicial review with prejudice, is affirmed by this court. Costs of this appeal are assessed against the appellant, Wayne Palmore.

**AFFIRMED.**

8